NATIONAL FARMERS UNION PROP-
ERTY & CASUALTY COMPANY,
Appellant,

v.

Leonard TUCKER; Cecil Wright; Wayne Wright; and Ed Erwin, Administrator of the Estate of Sylvia Wright, deceased, Appellees.

No. 5545.

United States Court of Appeals
Tenth Circuit.

Aug. 23, 1957.

Gus Rinehart (of Butler, Rinehart & Morrison), Oklahoma City, Okl., for appellant.

Jack I. Gaither, Tulsa, Okl., John Q. McCabe, Cleveland, Okl., Trower, Ferguson & Gaither, and C. A. Back, Jr., Tulsa, Okl., for appellees.

Before BRATTON, Chief Judge, and HUXMAN and MURRAH, Circuit Judges.

HUXMAN, Circuit Judge.

This is an appeal by National Farmers Union Property and Casualty Company, herein called National, from an adverse judgment in a declaratory judgment action, in which it sought a judgment declaring that it was not liable to defend any actions under the terms of an automobile insurance policy, issued to one Leonard Tucker, and that there was no liability against it because of such actions.

The facts out of which this controversy arose are these. National issued to Leonard Tucker an automobile insurance policy covering a 1953 pick-up truck, owned by him, which contained the usual provisions found in such a policy and a provision imposing the duty to defend

actions brought against the insured. It also contained the usual provision of such policies extending coverage to those using the automobile with the consent of the insured. It also contained a clause requiring the insured to cooperate with the company in case actions were filed or asserted against the insured for which there might be liability under the policy.

While the policy was in force, Sylvia Wright, Tucker's daughter, was driving the truck with his consent. The truck was involved in an accident in which she was killed. Riding with her at the time were her husband, Wayne Wright, and her father-in-law, Cecil Wright, both of whom were injured.

Sylvia Wright, at the time of her death, was a resident of Pawnee County, Oklahoma. Wayne Wright, the surviving husband, waived his prior right of appointment as administrator of her estate under Oklahoma law and nominated Wayne Lawrence of Cleveland, Oklahoma, to whom letters of administration were issued by the County Court of Pawnee County, Oklahoma. Thereafter, the decedent's father, Leonard Tucker, replaced Wayne Lawrence as administrator by order of the Pawnee County Court, and he subsequently was replaced by H. Gene Seigel. Again, thereafter, on March 14, 1956, on Wayne Wright's petition, Seigel was replaced as administrator by Ed L. Erwin of Tulsa County, Oklahoma.

After the appointment of Erwin as administrator, both Cecil Wright and Wayne Wright filed suit against the administrator in Tulsa County, Oklahoma, seeking recovery for personal injuries allegedly sustained as a result of the accident. It was alleged in each action that Sylvia Wright was guilty of negligence, causing plaintiffs' injuries. Erwin, the administrator of the estate, demanded that National defend the actions.

This action was then instituted for a declaratory judgment, declaring there was no liability under the policy and no duty to defend because of a failure to cooperate under the terms of the policy.

The court concluded that there was no duty on Wayne Wright to cooperate with the company and that his action in securing the appointment of an administrator for Sylvia Wright's estate in Tulsa County rather than in Pawnee County, the County of her residence, did not constitute a lack of cooperation or a violation of the terms of the policy. Based upon these conclusions, the court denied National the judgment it sought.

We think the court correctly concluded that the policy imposed no duty on Wayne Wright as the next of kin of Sylvia Wright, deceased, or as legal representative, to cooperate. But the decision need not be predicated on this ground because we feel that the court correctly concluded there was in any event no failure to cooperate.

The basis for the assertion that Wayne Wright failed to cooperate was that he procured the appointment of the administrator in Tulsa County rather than in Pawnee County of which she was a resident at the time of her death. There is no claim that the administrator must be appointed from the county in which the deceased lived and, as far as we know, there is no authority to that effect. A resident of any county in Oklahoma may be appointed administrator of the estate. There is no Oklahoma statute limiting the appointment to persons residing in the county of the court having jurisdiction of the estate. No failure to cooperate on the part of Wayne Wright can be inferred because he did what he had a right to do with respect to securing the appointment of administrator for his wife's estate.[1]

1. Title 58 O.S.A. § 1 provides for probate jurisdiction of the county court to grant letters of administration.

Title 58 O.S.A. § 5 provides that letters of administration may be granted in the county in which the decedent was a resident at the time of his death, in whatever place he may have resided.

Title 58 O.S.A. § 122 provides for priority of persons entitled to letters of administration.

Title 58 O.S.A. § 134 provides that "Administration may be granted to one or more competent persons, although not entitled to the same, at the written request of the person entitled, filed in the court. * * *"

Appellant apparently concedes that Wayne Wright had a right to step aside and secure the appointment of someone else as administrator, but it seeks to imply some improper motives amounting to failure to cooperate in having a resident of Tulsa County appointed by the County Court of Pawnee County because, as is suggested, that would permit suits to be filed in the Tulsa County Court rather than in the Pawnee County Court, a court of competent jurisdiction. In response to a question by the trial court whether it should "take judicial notice that your position is not as good in the District Court of Tulsa County as it would be in the District Court of Pawnee County?" appellant's attorney replied, "I think, if the Court please, you can take judicial notice that there must be some underlying reason for them bringing it over here * * *." This makes clear appellant's position, but a mere suspicion of an ulterior motive is not sufficient upon which to predicate a finding of failure to cooperate, assuming there was a duty to cooperate.

Finally, it is urged that the filing of the two damage suits in Tulsa County prejudiced National in the defense of the actions because all of the witnesses are residents of Pawnee County. From this National implies that there was a failure to cooperate. It is not conceded nor does the record reveal that all the witnesses are from Pawnee County. There does seem to be substantial agreement that the only witnesses to the accident are Cecil and Wayne Wright. They reside in Pawnee County. The record does not indicate that a large number of witnesses will be called. It may be that trying the two suits in Tulsa County rather than in Pawnee County may cause some inconvenience to National but even that is not clear from the record. In any event, it is not made to appear that the defense of the two actions in Tulsa County will be greatly burdensome, vexatious or unduly expensive.

Under the facts as they appear in the record, we are of the view that the court correctly concluded that in any event there was no failure to cooperate by securing the appointment of a resident of Tulsa County as administrator of Sylvia Wright's estate.

Affirmed.